# EXHIBIT A

| | | |
|---|---|---|
| AOC-E-105  Sum Code: CI<br>Rev. 9-14<br><br>Commonwealth of Kentucky<br>Court of Justice    Courts.ky.gov<br><br>CR 4.02; Cr Official Form 1 | <br><br>**CIVIL SUMMONS** | Case #: **21-CI-00131**<br>Court: **CIRCUIT**<br>County: **PENDLETON** |

*Plantiff,* **WORKMAN, TERESA VS. OWEN ELECTRIC COOPERATIVE, INC.**, *Defendant*

TO:   OWEN ELECTRIC COOPERATIVE, INC.
   8205 HWY 127 NORTH
   P.O. BOX 400
   OWENTON, KY 40359

The Commonwealth of Kentucky to Defendant:

   You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ Michael D. Redden,
Pendleton Circuit Clerk
Date: **10/8/2021**

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20____

_____
Served By

_____
Title

Summons ID: 393294926516504@00000039377
CIRCUIT: 21-CI-00131 Certified Mail
WORKMAN, TERESA VS. OWEN ELECTRIC COOPERATIVE, INC.



Page 1 of 1




COMMONWEALTH OF KENTUCKY
PENDLETON CIRCUIT COURT
CASE NO. 21-CI-_____

| | |
|---|---|
| TERESA WORKMAN )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>OWEN ELECTRIC COOPERATIVE, INC. )<br>  8205 HWY 127 North )<br>  P.O. Box 400 )<br>  Owenton, KY 40359 )<br>)<br>Defendant. )<br>_____ ) | **CLASS ACTION COMPLAINT AND JURY DEMAND** |

Plaintiff Teresa Workman ("Plaintiff" or "Ms. Workman"), on behalf of herself and all others similarly situated, alleges the following against Owen Electric Cooperative, Inc., ("Defendant") upon information and belief based upon personal knowledge:

**INTRODUCTION**

1. Plaintiff's Class Action Complaint is brought pursuant to the Electronic Funds Transfer Act, 15 U.S.C. 1693 et seq. ("EFTA").

2. Plaintiff, individually, and on behalf of all others similarly situated, brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant debiting the accounts of Plaintiff and also the putative Class members on a recurring basis without obtaining proper written authorization signed or similarly authenticated for preauthorized, recurring electronic fund transfers from Plaintiff's, and also the putative Class members' accounts, failing to provide a copy of the written authorization to the Plaintiff and other class members at the time it was made, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and

Section 205.10(b) of Regulation E, 12 C.F.R. § 205.10(b) and 12 C.F.R. § 205.10(d), and by failing to provide 10 days written notice of preauthorized transfers varying in amount.

## PARTIES

3. Teresa Workman is a natural person residing in Pendleton County, Kentucky, and is a "consumer" as defined by 15 U.S.C. § 1693a(6).

4. Owen Electric Cooperative, Inc. ("Defendant" or "the Cooperative") is a Kentucky corporation that sells electric power to its customers.

## JURISDICTION AND VENUE

5. Jurisdiction of this Court arises pursuant to 15 U.S.C. 1693(m), which states that any action under this section may be brought in any court of competent jurisdiction.

6. Venue and personal jurisdiction in this county are proper because Plaintiff resides in this county and Defendant does or transacts business in this county and a material portion of the events at issue occurred in this county.

## FACTUAL ALLEGATIONS

7. Plaintiff is a resident of Pendleton County, Kentucky, and is a customer purchasing electric power from Defendant.

8. Upon information and belief, Plaintiff completed an "Automatic Bank or Credit/Debit Card Draft" form supplied by Defendant.

9. The form provided by Defendant authorizes checks to be drawn on Plaintiff's bank account payable to Defendant, advises Plaintiff that the electronic funds transfer can be cancelled by Plaintiff, and states that Plaintiff will receive a statement fifteen days before the due date indicating the amount of the payment and the payment due date. This authorization was intended to be used to withdraw funds on a monthly and ongoing basis to satisfy Plaintiff's utility bills issued by Defendant.

2

10. Defendant did not provide Plaintiff with a written copy of this authorization at the time it was made as required by 15 U.S.C. § 1693(e)(a).

11. Plaintiff's electric bills were for varying amounts each month.

12. Defendant did not send Plaintiff a statement indicating the amount due or the date that the payment would be debited from her account.

13. Defendant debited Plaintiff's account, without notice, for amounts that varied by as much as $9.00 and for dates varying by up to seven days each month.

14. Defendant debited Plaintiff's account for the following amounts on the dates indicated below:

| October 25, 2020 | $149.30 |
| November 25, 2020 | $156.52 |
| December 30, 2020 | $147.52 |

15. Plaintiff alleges such activity to be in violation of the Electronic Funds Transfer Act, 15 U.S.C. § 1693 et seq. ("EFTA"), and its surrounding regulations, including, but not limited to, 12 C.F.R. §205.10(b) and §205.10(d) as interpreted by the comments to said regulations.

## CLASS ALLEGATIONS

16. Plaintiff brings this action on behalf of herself and all others similarly situated, as a member of the proposed class (hereafter "The Class") defined as follows:

> All persons whose bank accounts were debited on a recurring basis by Defendant without Defendant obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers within the one year prior to the filing of this Complaint or whose bank accounts were debited on a recurring basis in varying amounts and on varying dates without proper notice ten days before the account was debited.

17. Plaintiff represents, and is a member of, the Class, consisting of all persons whose bank account was debited on a recurring basis by Defendant without Defendant obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers within the one year prior to the filing of this Complaint and whose bank account was debited on a recurring basis in varying amounts and on varying dates without proper notice ten days before the account was debited.

18. Defendant, its employees, and agents are excluded from the Class.

19. The Class is so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that the Class includes hundreds, if not thousands, of members. Plaintiff alleges that Class members may be ascertained by the records maintained by Defendant.

20. This suit is properly maintainable as a class action pursuant to Fed. R. Civ. P. 23(a) because the Class is so numerous that joinder of the Class members is impractical and the disposition of their claims in the class action will provide substantial benefits both to the parties and to the Court.

21. There are questions of law and fact common to the Class affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members and include, but are not necessarily limited to, the following:

4

A. The members of the Class were not provided with, nor did they execute, written conforming agreements memorializing the automatic or recurring electronic payments.

B. Defendant did not request, nor did it provide, Class members with written agreements memorializing the automatic or recurring electronic payments.

C. Despite not providing written or electronic authorization for payments to be drawn from their accounts, Defendant took unauthorized payments from Class members' accounts.

D. Defendant did not provide notice of the amounts to be debited from Plaintiff's account and the date the debit was to occur at least ten days before the account was debited.

22. As someone whose bank account was debited on a recurring basis by Defendant without Defendant obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers, Plaintiff is asserting claims that are typical of the Class.

23. Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff has retained attorneys experienced in the prosecution of class actions.

24. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would

magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

25. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

26. Defendant has acted or refused to act in respects generally applicable to the Class, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

27. Defendant failed to comply with the writing and notice requirements of § 907(a) of the EFTA, 15 U.S.C. § 1693e(a) as to the Class members with respect to the alleged transactions.

28. Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), provides that a "preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made."

29. Section 903(9) of the EFTA, 15 U.S.C. § 1693a(9), provides that the term "preauthorized electronic fund transfer" means "an electronic fund transfer authorized in advance to recur at substantially regular intervals."

6

30. Section 205.10(b) of Regulation E, 12 C.F.R. § 205.10(b), provides that "[p]reauthorized electronic fund transfers from a consumer's account may be authorized only by a writing signed or similarly authenticated by the consumer. The person that obtains the authorization shall provide a copy to the consumer."

31. Section 205.10(b) of the Federal Reserve Board's Official Staff Commentary to Regulation E, 12 C.F.R. § 205.10(b), Supp. I, provides that "[t]he authorization process should evidence the consumer's identity and assent to the authorization." Id. at ¶10(b), comment 5. The Official Staff Commentary further provides that "[a]n authorization is valid if it is readily identifiable as such and the terms of the preauthorized transfer are clear and readily understandable." Id. at ¶10(b), comment 6.

32. In multiple instances, Defendant debited bank accounts of the Class members on a recurring basis without obtaining a written authorization signed or similarly authenticated by the respective Class members for preauthorized electronic fund transfers from the accounts of the respective Class members, thereby violating § 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.10(b).

33. In multiple instances, Defendant debited Class members' bank accounts on a recurring basis without providing a copy of a written authorization signed or similarly authenticated by the respective Class members for preauthorized electronic funds transfers, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.10(b).

34. 12 C.F.R.(d)(1) provides that

> (1) **Notice.** When a preauthorized electronic fund transfer from the consumer's account will vary in amount from

7

Filed 21-CI-00131 10/08/2021 Michael D. Redden, Pendleton Circuit Clerk

the previous transfer under the same authorization or from the preauthorized amount, the designated payee or the financial institution shall send the consumer written notice of the amount and date of the transfer at least 10 days before the scheduled date of transfer.

35. In multiple instances, Defendant failed to provide 10 days written notice to Plaintiff and other Class members of the amount and date that transfers would occur.

36. The size and definition of the Class can be identified through Defendant's records and/or Defendant's agents' records.

## COUNT I

### Violation of EFTA for Lack of Prior Authorization

37. Plaintiff incorporates, as if fully rewritten herein, the allegations contained in each of the preceding paragraphs.

38. Section 907(a) of the EFTA, 15 U.S.C. §1693e(a), provides that a "preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made."

39. Section 903(9) of the EFTA, 15 U.S.C. § 1693a(9), provides that the term "preauthorized electronic fund transfer" means "an electronic fund transfer authorized in advance to recur at substantially regular intervals."

40. Section 205.10(b) of Regulation E, 12 C.F.R. § 205.10(b), provides that "[p]reauthorized electronic fund transfers from a consumer's account may be authorized only by a writing signed or similarly authenticated by the consumer. The person that obtains the authorization shall provide a copy to the consumer."

41. Section 205.10(b) of the Federal Reserve Board's Official Staff Commentary to Regulation E, 12 C.F.R. § 205.10(b), Supp. I, provides that "[t]he

8

authorization process should evidence the consumer's identity and assent to the authorization." *Id.* at ¶10(b), comment 5. The Official Staff Commentary further provides that "[a]n authorization is valid if it is readily identifiable as such and the terms of the preauthorized transfer are clear and readily understandable." *Id.* at ¶10(b), comment 6.

42. In multiple instances, Defendant has debited Plaintiff's and also the putative Class members' bank accounts on a recurring basis without obtaining a proper written authorization signed or similarly authenticated for preauthorized electronic fund transfers from Plaintiff's and also the putative Class members' accounts, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.10(b).

## COUNT II
## Violation of EFTA for Improper Notice

43. Plaintiff incorporates, as if fully rewritten herein, the allegations contained in each of the preceding paragraphs.

44. The EFTA requires that Defendant notify a consumer, like Plaintiff and Class Members, in writing if a preauthorized transfer from the consumer's account will vary in amount from the previous transfer under the same authorization or from the preauthorized amount. The notification must be mailed or delivered to the consumer at least ten days before the scheduled transfer date and must specify the amount and scheduled date of the transfer. 12 CFR 1005.10(d).

45. The Consumer Financial Protection Bureau recognizes and reminds businesses utilizing electronic funds transfers that two of the most significant terms of an authorization are the timing and amount of the recurring transfers from the consumer's account. CFPB Compliance Bulletin 2015-06.

9

46. Defendant failed to provide any notice to Plaintiff and members of the Class at least 10 days prior to the account being debited that stated the amount of the payment to be debited or the date on which it would be debited.

WHEREFORE, Plaintiff, individually, and on behalf of all others similarly situated, respectfully demands the following relief:

A. That this action be certified as a class action on behalf of the Class and Plaintiff be appointed as the representative of the Class;

B. Statutory damages of $1,000.00, per Class Member, pursuant to the Electronic Fund Transfer Act, §916(a)(2)(A);

C. Actual damages;

D. Costs and reasonable attorneys' fees pursuant to the Electronic Fund Transfer Act, §916(a)(3);

E. For prejudgment interest at the legal rate; and,

F. Any other relief this Court deems appropriate.

### Jury Demand

Plaintiff demands a trial by jury for all claims triable as such in this action.

Dated the 8th day of October, 2021.    Respectfully submitted,

    /s/ Robert R. Sparks
    Robert R. Sparks (KY Bar No. 83685)
    STRAUSS TROY CO., LPA
    150 East Fourth Street
    Cincinnati, OH 45202-4018
    (513) 621-2120 – Telephone
    (513) 629-9426 – Facsimile
    E-mail: rrsparks@strausstroy.com

10

and

Matthew T. Sanning
224 Main Street
Augusta, KY 41002
E-mail: *msanning1@gmail.com*
*Attorneys for Plaintiff*

15424610.3

11